J-S22019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHEIM A. RITCHIE | : | |
| | : | |
| Appellant | : | No. 1138 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 15, 2022
In the Court of Common Pleas of Crawford County
Criminal Division at No.:  CP-20-SA-0000018-2022

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:          **FILED:  September 28, 2023**

Appellant Raheim A. Ritchie appeals from the August 15, 2022 judgment of sentence entered in the Court of Common Pleas of Crawford County ("trial court"), following his summary conviction for violating Section 1543(a) of the Vehicle Code ("Code"), 75 Pa.C.S.A. § 1543(a), relating to driving while operating privilege is suspended or revoked.  His counsel has filed a brief and an application to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1969), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we affirm the judgment of sentence and grant counsel's application to withdraw.

The facts and procedural history of this case are undisputed.  Briefly, after a magisterial district judge ("MDJ") found Appellant guilty under Section 1543(a), Appellant filed a summary appeal to the trial court.  On July 20,

2022, the trial court conducted a *de novo* hearing at which the Commonwealth presented testimony.

Patrol Sergeant David Edward Gredler, a fifteen-year veteran of the Meadville City Police Department, testified for the Commonwealth. He testified that, on March 22, 2022, he was working the 6:00 p.m. to 6:00 a.m. shift. N.T., Trial, 7/20/22, at 6. Sergeant Gredler further testified that he was attired in uniform and operated a marked patrol vehicle when he conducted a traffic stop at approximately 2:50 a.m. that day. *Id.* Recalling the incident, Sergeant Gredler stated that a person known to him, later identified as Appellant, whom he knew to have a suspended driver's license, entered a vehicle, which he operated to exit the country fair parking lot in the direction of Baldwin Street. *Id.* at 6-7. During the traffic stop that followed, Sergeant Gredler positively identified Appellant, who produced a Pennsylvania identification card. *Id.* at 7.

Recalling the stop, Sergeant Gredler stated:

> I know that it was him and he also had an ID card on him. . . . I did notify him and asked him if he knew that he was under suspension. He stated he did and he didn't know that he – or he did know that he also didn't have a license, just a photo ID only.

*Id.* at 7-8. A subsequent search and review of Appellant's driving history confirmed the suspension of his license on March 22, 2022. *Id.* at 8.

In response, Appellant did not present any testimony[1] and his counsel agreed with the Commonwealth's claim that Appellant's license was suspended on the day of the incident. *Id.* at 10.

At the conclusion of the hearing, the trial court determined that the Commonwealth proved beyond a reasonable doubt that Appellant violated Section 1543(a) of the Code, because he operated a vehicle on a suspended license. *Id.* at 11. The trial court then, *inter alia*, sentenced Appellant to a mandatory minimum term of 30 to 60 days' imprisonment at the Crawford County Correctional Facility pursuant to Section 6503(a.1) of the Code,[2] because the instant violation was at least Appellant's sixth. On July 27, 2022, Appellant moved to reconsider his sentence, requesting that he be granted house arrest with electronic monitoring *or* work release. Following a hearing, the trial court granted the reconsideration motion insofar as it "granted work release privileges" to Appellant. Sentencing Order, 8/15/22. Appellant timely appealed.

---

[1] The trial was conducted in Appellant's absence. He failed to appear for the proceeding. *See* N.T., Trial, 7/20/22, at ("And I'm not going to continue it either. [Appellant] knew to be here and counsel talked to him at 5:00." He's got to be here.").

[2] Section 6503, relating to subsequent convictions of certain offenses, provides in pertinent part:

> A person convicted of a sixth or subsequent offense under section 1543(a) shall be sentenced to pay a fine of not less than $1,000 and to imprisonment for not less than **30 days but not more than six months**.

75 Pa.C.S.A. § 6503(a.1) (emphasis added).

The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Instead of the court-ordered Rule 1925(b) statement, however, Appellant's counsel filed a statement of intent to file an ***Anders*** brief under Pa.R.A.P. 1925(c)(4).[3]

On December 28, 2022, Appellant's counsel filed in this Court an application to withdraw as counsel and filed an ***Anders*** brief, wherein counsel claimed the trial court abused its discretion in failing to sentence Appellant to house arrest with electronic monitoring. ***Anders*** Brief at 11.

When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be

_____

[3] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [***Anders***] brief in lieu of filing a Statement. If, upon review of the [***Anders***] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's application to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his *Anders* brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of *Anders*.

We next must determine whether counsel's *Anders* brief complies with the substantive requirements of *Santiago*, wherein our Supreme Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of *Santiago*. We, therefore,

conclude that counsel has satisfied the minimum requirements of ***Anders***/***Santiago***.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5.

We now turn to the merits of Appellant's claim, which implicates the discretionary aspects of sentence. Appellant claims that the trial court should have imposed a 30 to 60 days' sentence of house arrest with electronic monitoring, as opposed to work release.

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed

> from is not appropriate under the Sentencing Code, 42
> Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, we must note at the outset that Appellant has waived his sentencing claim. Our review of the record indicates that he failed to preserve this claim for our review because he did not raise it before the trial court at sentencing or in the post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1); *see also Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (holding objections to discretionary aspects of sentence are generally waived if not raised at sentencing or preserved in a post-sentence motion). In *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), we explained that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Cartrette*, 83 A.3d at 1042 (citation omitted).[4] Accordingly, Appellant is not entitled to relief.

_____

[4] Separately, even though Appellant did not file a Pa.R.A.P. 2119(f) statement in his brief, we decline to find waiver on this basis because the Commonwealth has failed to lodge an objection. *Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006).

Even if this sentencing issue were not waived, Appellant still would not obtain relief. The record reveals that the trial court conducted a hearing on Appellant's reconsideration motion, at which it allowed Appellant to present evidence and offer mitigating circumstances for why he deserved a sentence of house arrest with electronic monitoring **or** work release. At the conclusion of the hearing, the trial court ***granted Appellant the relief he requested*** in the alternative, *i.e.*, work release. He now cannot complain that he is dissatisfied with the requested sentence.

Separately, while Appellant does not challenge the length of the sentence ordered, we note that the trial court imposed a lenient sentence when it directed Appellant to serve a mandatory minimum term of 30 to 60 days in prison with work release. Tellingly, the court conceivably could have sentenced Appellant to a maximum term of 6 months' imprisonment under Section 6503(a.1) of the Code, considering Appellant had at least five prior violations for driving on a suspended license. As the trial court stated, "Quite frankly, I could have made it longer but I'm not going to do that because you do have a lot of kids." N.T., Reconsideration Hearing, 8/15/22, at 7. It did not do so. Thus, under the circumstances of this case, we discern no abuse of sentencing discretion and affirm Appellant's judgment of sentence.

Finally, based upon our independent review of the record, as detailed above, we agree with counsel that Appellant has not raised any non-frivolous matters herein. We, therefore, affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed.  Application to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/28/2023